10672, 10673.   HODGES *v.* MONTEZUMA FERTILIZER COMPANY;
and *vice versa.*

JENKINS, P. J.   The Supreme Court, in response to certain questions certified to it in this case, held that "Where a contract for the purchase of fertilizers specifically provides from what source the phosphoric acid, the nitrogen, or the potash is to be derived, and where the fertilizer is furnished in accordance with such special order, such contract of sale would be void unless the fertilizers so furnished had been registered as provided by Civil Code (1910), § 1771. The fact that such fertilizers were furnished as ordered under a name or brand properly registered with the commissioner of agriculture, but which registration gives a source other than the actual one from which the phosphoric acid, nitrogen, or potash is derived, would not operate to change the rule above stated." 150 *Ga.* 248 (103 S. E. 231). The ruling made by the Supreme Court, in response to the questions certified in said case, is also to the effect that where a brand is registered and states that the nitrogen is derived from "blood, tankage, cyanimid, and sulphate of ammonia," and the proof shows that in accordance with the contract of purchase, the nitrogen is derived from "equal parts of fish-scrap, blood, and tankage," there is such variance between the registered sources and the actual sources as would invalidate the contract of purchase under the provisions of § 1771, supra, covering registration of fertilizer brands.

In accordance with the foregoing rulings by the Supreme Court, the contract of purchase and sale as to the guano sued for in this case being invalid, the judgment of the court below will be affirmed only in the amount of the principal sum of $430, besides interest at seven per cent. from October 1, 1917, representing the purchase-price of ten tons of acid phosphate and four tons of nitrate of soda, about which there is no dispute under the pleadings and the evidence. Such judgment of affirmance by this court is entered with direction that the excess amount of principal and interest included in the judgment of the court below, and representing the guano sued for, be written therefrom. The answers of the Supreme Court in response to the questions made by the main bill of exceptions being controlling, the cross-bill is dismissed.

*Judgment on main bill of exceptions affirmed, with direction; cross-bill dismissed.   Stephens and Smith, JJ., concur.*

DECIDED JULY 19, 1920.

Complaint; from city court of Americus—Judge Harper. May 9, 1919.

*Hixon & Pace,* for Hodges.
*John B. Guerry,* contra.